FREIMAN LAW
Lawrence W. Freiman
Nevada State Bar No. 10588
lawrence@freimanlaw.com
100 Wilshire Blvd., Suite 700
Santa Monica, CA 90401
Telephone:	(310) 917-1024
Facsimile:	(888) 835-8511

Michelle M. Jones
Nevada State Bar No. 8505
703 S. Eighth Street
Las Vegas, NV 89101
Telephone:	(702) 385-1067
Facsimile:	(702) 386-9825
*Designated Attorney for Service in Nevada Only*

Attorneys for Plaintiff
THEO ROFOLI

[additional counsel on next page]

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| THEO ROFOLI,<br><br>        Plaintiff,<br><br>    v.<br><br>ZURICH AMERICAN INSURANCE COMPANY; and DOES 1-20, inclusive,<br><br>        Defendants. | Case No. 2:17-cv-00391-JAD-PAL<br><br>[Assigned to United States District Judge Jennifer A. Dorsey]<br><br>**[PROPOSED] JOINT STIPULATION FOR PROTECTIVE ORDER REGARDING CONFIDENTIALITY OF DOCUMENTS AND INFORMATION**<br><br>Complaint Filed:  February 8, 2017<br>Trial Date:  None Set |

SEYFARTH SHAW LLP
Erin Dougherty Foley (*pro hac vice*)
edfoley@seyfarth.com
233 S. Wacker Drive, Suite 8000
Chicago, IL 60606-6448
Telephone:    (312) 460-5000
Facsimile:    (312) 460-7000

Jennifer R. Nunez (*pro hac vice* pending)
2029 Century Park East, Suite 3500
Los Angeles, California 90067-3021
Telephone:    (310) 201-1582
Facsimile:    (310) 551-8419

BAUMAN LOEWE WITT & MAXWELL, PLLC
Michael C. Mills
Nevada State Bar No. 3534
mmills@blwmlawfirm.com
3650 N. Rancho Drive, Suite 114
Las Vegas, NV 89130
Telephone:    (702) 240-6060
Facsimile:    (702) 240-4267
*Designated Attorney for Service in Nevada Only*

Attorneys for Defendant
ZURICH AMERICAN INSURANCE COMPANY

Plaintiff Theo Rofoli ("Plaintiff") and Defendant Zurich American Insurance Company ("Defendant") (collectively, the "Parties"), stipulate and agree, through their respective attorneys of record, to the entry of this Protective Order to protect the confidential status of protected information during discovery in this litigation.

It appearing to the Court that the Parties are in agreement that some or all of the Parties, and non-parties who may be subject to subpoena, possess or may possess information that is confidential personal or business information, confidential financial information, proprietary information, trade secrets or other confidential information that may be subject to discovery in the proceedings in this matter but, if made available to the public generally, might adversely affect a party's competitive position or business operations, this Court hereby orders that:

1. All documents produced or information disclosed and any other documents or records designated as "confidential" by any of the Parties or by a non-party subjected to subpoena shall be revealed only to: (1) the Parties; (2) the Parties' counsel of record in this action; (3) paralegals, secretarial employees under counsel's direct supervision; (4) the Court and necessary Court staff; (5) any court reporter personnel retained to transcribe the testimony or argument at a hearing, trial or deposition in this action; (6) such persons employed to act as experts and consultants in these actions; (7) witnesses; (8) members of the jury; (9) any person agreed upon by the parties to serve as a mediator in this litigation; and (10) any employee, former employee, agent or independent contractor of any party who is requested by counsel to assist in the defense or prosecution of this litigation, provided, however, that disclosure of the Confidential Information to said individual is made only to the extent necessary for the employee, former employee, agent or independent contractor to perform such assistance. The information considered as "confidential" and disclosed only in accord with the terms of this paragraph shall include, without limitation, any document or discovery response provided in the course of this litigation that constitutes or contains confidential personal or business information, confidential financial information, proprietary information, trade secrets, or any other information or documentation supplied in response to discovery requests which, if disclosed, might adversely affect a party's competitive position or business operations. Any document or information designated as "confidential" shall bear the label or stamp "Subject to Protective Order."

2.	A party may apply to the Court for a ruling that a confidential document (or category of documents) or other information is not entitled to such status and protection.  The party or other person that designated the document or information as confidential shall be given notice of the application and an opportunity to respond.  In any such instance, the burden of proving the propriety of the purported confidentiality shall be on the proponent of such confidentiality.  Until the Court rules otherwise, the Parties shall continue to treat such documents or information as confidential.

3.	Counsel for the Parties shall use all documents and information produced or disclosed solely for the purposes of discovery, motion practice, preparation for and trial of this action.  Under no circumstances shall information or materials covered by this Protective Order be disclosed to anyone other than: (1) the Parties; (2) the Parties' counsel of record in this action; (3) paralegals, secretarial employees under counsel's direct supervision; (4) the Court and necessary Court staff; (5) any court reporter personnel retained to transcribe the testimony or argument at a hearing, trial or deposition in this action; (6) such persons employed to act as experts and consultants in these actions; (7) witnesses; (8) members of the jury; (9) any person agreed upon by the parties to serve as a mediator in this litigation; and (10) any employee, former employee, agent or independent contractor of any party who is requested by counsel to assist in the defense or prosecution of this litigation, provided, however, that disclosure of the Confidential Information to said individual is made only to the extent necessary for the employee, former employee, agent or independent contractor to perform such assistance.  Within thirty (30) days of the final conclusion of the proceedings in these actions, whether by settlement, final judgment, or final exhaustion of all available appeals, all documents and information subject to this Order, including any copies or extracts or summaries thereof, or documents containing information taken therefrom, shall be returned to the disclosing party or destroyed, whichever the disclosing party chooses.

4.	If counsel for the Parties determines that for purposes of this action, documents or information produced and designated as "confidential" must be revealed to a person employed to act as an expert in this action, then counsel may reveal the designated documents or information to such person, after first complying with the following:

      (a)     Counsel for the Parties shall have the expert read this Order and shall explain the contents thereof to such expert.

      (b)     Counsel for the Parties shall require such expert to sign a copy of this protective order that states: "I have read and understood the terms of this protective order. I further agree to be bound by its terms." Nothing in this paragraph shall be deemed to enlarge the right to conduct discovery of any of the Parties' experts, except solely with respect to the ability of such expert to protect confidential information and documents from re-disclosure.

5. Before documents designated "confidential" or the information contained therein may be referred to in the course of depositions or to any appellate proceeding, or made exhibits to depositions and to the extent that those present do not already fall within the scope of the categories of individuals described in above, the deponent, all counsel, and other persons present at the deposition, or who review the transcript thereof, shall be informed of and agree to comply with the terms of this Protective Order.

6. A party may designate as "confidential" testimony given during a deposition which, in good faith, it deems confidential, provided that the portion of the transcript relating to such confidential testimony shall be stamped confidential in accordance with the provisions of paragraph 1. A party may designate as "confidential" any deposition testimony or deposition exhibits, by notice to the Parties, within 30 days of the date that the deposition transcript is received by a party. All provisions of this Protective Order shall apply to all deposition transcripts and/or testimony designated as "confidential."

7. Inadvertent Production of Privileged Information: If, at any time, a party discovers that it produced information that it reasonably believes is subject to protection under the attorney/client, work-product, or trial-preparation privileges, then it must promptly notify each Receiving Party of the claim for protection, the basis for it, and amend its privilege log accordingly. Whenever possible, the producing party must produce substitute information that redacts the information subject to the claimed protection. The Receiving Party must thereupon promptly return, sequester, or destroy the information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed before being notified; and may

promptly present the information to the Court under seal for a determination of the claim. The producing party must preserve the information until the claim is resolved.

      8.     This Order is subject to revocation and modification by Order of the Court upon written stipulation of the Parties, or upon motion and reasonable notice, including opportunity for hearing and presentation of evidence.

9. Nothing contained within this agreement shall be construed to bear upon the admissibility of documents, confidential or otherwise, or restrict the use of said documents at trial. If such documents are admitted, however, the Court shall take appropriate measures to protect their confidentiality.

**IT IS SO STIPULATED.**

DATED: April 26, 2017           Respectfully submitted,

SEYFARTH SHAW LLP

By: /s/ Erin Dougherty Foley
Erin Dougherty Foley
Jennifer R. Nunez
Michael C. Mills
Attorneys for Defendant
Zurich American Insurance Company

DATED: April 26, 2017           Respectfully submitted,

FREIMAN LAW

By: /s/ Lawrence W. Freiman
Lawrence W. Freiman
Michelle M. Jones
Attorneys for Plaintiff Theo Rofoli

Pursuant to LR IC 5-1, the filer attests that all other signatories listed, and on whose behalf this filing is submitted, concur in the filing's content and have authorized the filing.

**IT IS SO ORDERED:**

Judge Peggy A. Leen
UNITED STATES MAGISTRATE JUDGE

DATED: May 5, 2017

5

[PROPOSED] JOINT STIPULATION FOR PROTECTIVE ORDER

38466641v.1